FILED

2008 Aug-21  AM 10:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| SOUTHEAST CAPITAL INVESTMENTS, INC., | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) **Case No.: 1:08-CV-1112-VEH** ) |
| SHAFIK LADHA and THE PETROLEUM GROUP, LLC, | ) ) ) |
| **Defendants.** | ) ) |

---

## MEMORANDUM OPINION

## I. INTRODUCTION

This is a breach of contract case brought by Southeast Capital Investments, Inc., "Southeast Capital," against Shafik Ladha, "Ladha" and The Petroleum Group, LLC, "Petroleum Group," collectively referred to as "Defendants." Southeast initiated this lawsuit on June 23, 2008. (Complaint, Doc. 1). This Court's jurisdiction over the subject matter was premised on 28 U.S.C. § 1332.

Petroleum Group filed an answer on July 18, 2008. Ladha moved to dismiss the claim against him for lack of subject matter jurisdiction pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1). (Motion to Dismiss, Doc. 6).

## II. FACTUAL HISTORY

There are few facts presently before the court.  Petroleum Group is an Alabama corporation that has its principle place of business in Alabama.  (Compl., Doc. 1 at ¶ 1).  Ladha and Petroleum Group are both citizens of Georgia.  (Compl., Doc. 1 at ¶ 1).

On April 4, 2007, Ladha and Petroleum Group executed and delivered two promissory notes: a note for $160,000, and a note for $50,000.  (Compl., Doc. 1 at ¶ 2).  Ladha signed both notes and issued a personal guarantee as to each.  (Compl., Doc. 1 at ¶¶ 2,3).  When the notes became due, Defendants defaulted on both. (Compl., Doc. 1 at ¶ 4). The lawsuit before this Court ensued.

## III.  STANDARD OF REVIEW

This action may not proceed unless the court has jurisdiction over the subject matter.  *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir.2004). A motion to dismiss for lack of subject matter jurisdiction under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) challenges the court's authority to hear the case before it. Such attacks are either "facial attacks" or "factual attacks." *Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1261 (11th Cir.1997).  Facial attacks "require the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as

true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990). Factual attacks "challenge[] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id; see also Browder v. Potter*, No. 07-546 2008 WL 822132 at *3 (M.D. Ala. March 26, 2008) (reciting above standard).

Ladha presents a facial attack upon Southeast Capital's complaint. To address this challenge, the court must look to the facts alleged in the complaint to test its sufficiency.

## IV. ANALYSIS

### A.    General Principles of Jurisdiction

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id*. (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless

to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted).

**B.    Diversity Jurisdiction**

Southeast Capital premises subject matter jurisdiction upon diversity jurisdiction, 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the

statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  Therefore, removal jurisdiction based upon diversity requires:  (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement.

### 1.     Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

There is no dispute over satisfaction of the citizenship requirement in this case. Southeast Capital, an Alabama corporation, brought suit against Ladha and Petroleum Group.  Both Ladha and Petroleum Group are citizens of Georgia.  Therefore, the diversity of citizenship requirement of 28 U.S.C § 1332 is satisfied.

### 2.     Amount in Controversy Requirement

Regarding amount in controversy, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d

1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is $75,000.  28 U.S.C. § 1332.

Plaintiffs must satisfy the amount in controversy requirement as to each defendant, and may not aggregate claims to satisfy the amount in controversy requirement when the claims are separate and distinct.  *See Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961)[1].  ("The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that 'where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.") (citing  *Citizens' Bank of Louisiana v. Cannon*, 164 U.S. 319 (1896); *Northern Pacific Railroad Co. v. Walker*, 148 U.S. 391(1893); *Walter v. Northeastern Railroad Co.*, 147 U.S. 370 (1893); *Cornell v. Mabe*, 206 F.2d 514, 516 (5th Cir. 1953); *see also American Standard Ins. Co. of Wisconsin v. Rogers*, 123 F.Supp. 2d 461 (S.D. Ind. 2000) (noting that a single plaintiff's claims against defendants cannot be aggregated to satisfy the amount in controversy unless defendants could be held jointly liable on claims that satisfied the jurisdictional

---

[1]  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

amount);  14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER,

FEDERAL PRACTICE AND PROCEDURE § 3704(3d ed.1998) (noting that a plaintiff may

aggregate claims against multiple defendants only when the interest is common and

undivided).

In its Motion to Dismiss, Defendants argue that Ladha is only being sued as

Guarantor of a $50,000 note.  (Motion to Dismiss, Doc. 6 ¶ 3). Were this accurate, the

claim against Ladha would be due to be dismissed, since that sum is below the

amount in controversy threshold.  A plaintiff must satisfy the jurisdictional amount

as to each defendant, unless the defendants form a common or undivided interest, as

opposed to a separate and distinct interest.  *See Jewell*, 290 F.2d at 13 ("Claims

against two or more defendants can be aggregated for the purpose of attaining the

jurisdictional amount, as a general proposition, if they are jointly liable to the

plaintiff.") (citing *Walter v. Northeastern Railroad Co.*, 147 U.S. 370 (1893)).

It would be also impermissible for Southeast Capital to aggregate its claims

against both defendants to cure this jurisdictional deficiency.  *Jewell*, 290 F.2d at 13.

Southeast Capital has brought claims against the defendants based on liability under

two different  notes.  Since each note represents a separate and distinct interest, if

Southeast Capital had alleged only that Ladha was liable on the $50,000 note,

Southeast Capital's claim against Ladha would be insufficient to establish this

Court's jurisdiction,[2] and the motion to dismiss would be due to be granted.

A reading of Southeast Capital's complaint, however, indicates that Ladha is alleged to be liable for more than the $50,000 note.  The complaint initially alleges that two notes were signed by Ladha, a note for $160,000 and a note for $50,000. (Compl., Doc. 1 at ¶ 2).  It also states that Ladha served as "guarantor" of the $50,000 note.  *Id.*  In the next paragraph, it alleges that "said <u>notes</u> provide for personal guarantee [sic] by the said Shafik Ladha . . . ." (Compl., Doc. 1 at ¶ 2) (emphasis added).   Southeast Capital's use of the plural "notes" sufficiently alleges that Ladha is liable as personal guarantor of both notes.[3]

_____

[2]Also, under Alabama law, the obligation of a guarantor would not be considered a "common or undivided interest" for purposes of the amount in controversy requirement.  *Cf. Ex parte Kaschak* 681 So.2d 197, 201 (Ala.,1996) ("In order to be entitled to enforce the obligation of the contract of guaranty, the creditor must show that the guaranteed debt or obligation is due, and if for any reason the debtor is not bound to make payment to the creditor, then the creditor may not hold the guarantor liable."); *Valley Min. Corp., Inc. v. Metro Bank*, 383 So.2d 158, 162 (Ala. 1980) ("A guaranty in its technical sense is collateral to, and made independently of, the principal contract which is guaranteed; and the guarantor's liability is secondary rather than primary or original.").

[3] It is understandable that Ladha, in moving to dismiss this case, misconstrued the allegations.  Southeast Capital's complaint is somewhat ambiguous.  In one instance it notes that Ladha only "signed" the $160,000 note, while he acted as "guarantor" of the $50,000 note. Taken alone, one might read the complaint as seeking to hold Ladha personally liable only for the $50,000 note.  However, the complaint later clarifies its prior ambiguity by stating that both notes provide for a personal guarantee by Ladha.  (Compl., Doc. 1 at ¶ 3).  Accordingly, the complaint on its face states a proper basis for subject matter jurisdiction as to Ladha.

Should it later become apparent that subject matter jurisdiction is lacking, the court is vested with the power to address its lack of subject matter jurisdiction at that time.  *Kontrick v. Ryan*, 540 U.S. 443, 455 (U.S. 2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance.").

8

## V.  CONCLUSION

Since Southeast Capital alleges Ladha's liability as to both the $160,000 note and the $50,000 note, the amount in controversy requirement is satisfied, and this Court therefore has jurisdiction under 28 U.S.C. § 1332.  Ladha's Motion to Dismiss is consequentially due to be **DENIED**.

A separate Order will be entered consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 21st day of August, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

9